UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERNANDO MARTINEZ and SUZANNE
MARTINEZ, as wife and parent and natural
guardian of C.R.M., a minor,

    Plaintiffs,

v.                                          CASE NO: 8:06-cv-1933-T-26MAP

GENERAL MOTORS CORPORATION,
BILL HEARD CHEVROLET, INC.— PLANT
CITY, BILL HEARD CHEVROLET, INC.—
ORLANDO, and BILL HEARD CHEVROLET,
INC.— ORLANDO EAST,

    Defendants.
_____/

## O R D E R

Before the Court is Plaintiffs' Motion to Remand[1] and Defendant General Motors Corporation's Opposition.[2] After careful consideration of the entire file, the Court concludes that remand should be denied.

### Pertinent Facts

Plaintiffs, citizens of Florida, initially brought this action in state court in December 2005, against four Defendants: General Motors Corporation (GMC); Bill Heard Chevrolet, Inc.— Plant City; Bill Heard Chevrolet, Inc.— Orlando; and Bill Heard Chevrolet, Inc.— Orlando East. The action arose from an accident in which Plaintiff

---

[1] See docket 11.

[2] See docket 13.

Fernando Martinez suffered personal injuries while riding in a GMC van. The accident took place in Georgia, and the van was purchased in Georgia. The complaint seeks damages against all four Defendants for negligence and strict liability in the design and manufacture of the van. As to the three Florida Bill Heard Defendants, the action seeks strict liability in the distribution and potentially negligent maintenance, inspection, and repair of the subject van.

GMC served a motion to dismiss the complaint on January 30, 2006, along with discovery requests. Plaintiffs filed an amended complaint before the motion was either set for a hearing or ruled on by the state court. This time GMC filed an answer and defenses on June 28, 2006. In its answer, GMC states that it sold the subject van to a Bill Heard Chevrolet dealership in Georgia, and the certificate of title in the public records shows that GMC sold the subject van to a Bill Heard dealership in Georgia. As part of its defenses, GMC alleges that Plaintiffs' damages were caused by persons or entities other than GMC.

Plaintiffs served the Florida Bill Heard Defendants on August 15, 2006.[3] These Defendants filed a motion to dismiss the state court complaint, asserting that they had not sold nor had any dealings with the subject van. GMC was not served with the motion. The Bill Heard Defendants also served a motion for attorney's fees for filing a frivolous lawsuit, which was also not served on GMC. On September 22, 2006, the Bill Heard

---

[3] The Bill Heard dealership in Georgia has not been named in this action.

Defendants filed the affidavit of Ronald A. Feldner, a corporate officer of the dealerships. He avers that the Florida Bill Heard corporations had no involvement with the subject van. It was at this juncture that GMC claims it definitively knew that there was no possibility that these Defendants could be liable under the allegations of the lawsuit. GMC then removed this action on October 19, 2006, within thirty days of ascertaining that the case was removable.

### Bases for Remand

Plaintiffs seeks to remand this case to state court on three grounds. First, GMC's removal is untimely because GMC knew from the outset that it had sold the van to a Georgia dealership, not a Florida one. Additionally, GMC knew in March 2006 from answered discovery that the accident took place in Georgia. Second, Plaintiffs were required to name all four Defendants as potentially responsible parties to avoid risking the jury's uncollectible apportionment of fault against a non-party. Third, GMC cannot meet the high burden of demonstrating fraudulent joinder, particularly in view of the fact that there is a connection between the Bill Heard corporate entities in Florida and Georgia and joint and several or alternative liability may exist. Finally, GMC participated in state court activity including filing a motion to dismiss, serving multiple discovery requests, and filing an answer and defenses. By doing so, GMC waited too long to remove the case, thereby resulting in waiver of removal.

Plaintiffs assert that the very latest date for removal was June 28, 2006, when GMC served its answer. Plaintiffs argues that because GMC acknowledged in its answer

that it had sold the subject van to a dealership in Georgia, it apparently believed at that time that Plaintiffs had fraudulently joined the three Florida dealerships to defeat diversity jurisdiction. GMC argues that it did not know that the case was removable until the affidavit of Ronald A. Feldner, a corporate officer of the dealerships, was filed on September 22, 2006. GMC claims that it was only at that time that it was conclusively established that no other possible liability could exist from the Florida dealerships.

### Timeliness

GMC did not remove this action until October 19, 2006, which was several months after it had filed its answer and defenses. Although GMC may have known that it had sold the subject van to a Georgia dealership, and not to the Florida dealerships, and although GMC may have known that the accident occurred in Georgia, GMC could not rule out the possibility that Plaintiffs could have established a cause of action against the Florida dealerships. At the time it filed its answer and defenses, GMC believed, based on the allegations of Plaintiffs, that the possibility existed that the Florida dealerships had some connection with the subject van in the form of a negligent inspection, some negligent maintenance, and/or a faulty repair. It was not until the filing of the affidavit of Mr. Feldner that GMC was sure that there was no "involvement" whatsoever among any of the Florida dealerships and Plaintiffs or the subject van. Accordingly, the Court finds that GMC timely filed its notice of removal within thirty days from the date the affidavit was filed.

### Waiver of Removal

Although GMC filed a motion to dismiss directed to the first complaint, Plaintiffs amended their complaint before GMC set the motion for hearing and before the state court ruled on the motion. Pursuant to applicable case law, the mere filing of a motion to dismiss without more does not operate to constitute a waiver for purposes of removal. See Cogdell v. Wyeth, 366 F.3d 1245, 1249 (11th Cir. 2004); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246-47 (11th Cir. 2004). In addition to filing the initial motion to dismiss, GMC filed answers and defenses to the amended complaint. Again, the required timely filing of pleadings pursuant to the state court rules does not thwart a defendant's timely removal if the ability to remove is not legitimately ascertained until after the answer has been filed. Id.; see also Hill v. State Farm Mut. Auto. Ins. Co., 72 F. Supp.2d 1353, 1354 n.2 (M.D. Fla. 1999) (citing cases showing degree of participation necessary to constitute waiver of removal).

Based on the particular facts of this case reviewed against the backdrop of the applicable case law, the Court finds that GMC did not actively participate in the state court proceedings sufficient to waive its right to removal. GMC did not take any substantial offensive or defensive actions in state court. There has been no willingness evidenced on the part of GMC to litigate in the state tribunal before it filed the notice of removal to this Court.

**Fraudulent Joinder**

Plaintiffs allege potential causes of action against the Florida dealerships in the initial and amended complaints filed in state court. Nevertheless, GMC justifiably

believed that facts might exist, though not specifically alleged in the complaints, to support the negligent inspection, repair, and maintenance claims. This claim became untenable, however, upon the filing of the affidavit of the corporate officer, averring once and for all that there was no involvement among the Florida dealerships and the subject van. This is a situation in which the affidavit submitted by the Florida dealerships was not controverted by any affidavit of the Plaintiffs. See Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005). Consequently, the Court finds that as of the time of the filing of the affidavit of the corporate officer, there was no longer any assumption that the Plaintiffs could prove the necessary facts for a viable cause of action against the Florida dealerships.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand (Dkt. 11) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on November 20, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:  Counsel of Record